UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

Mercy Hospital, Iowa City, Iowa, *et al.*

    Debtor

_____

Dan R. Childers, *in his sole capacity as Liquidation Trustee*,

    Plaintiff

vs.

MEDIFIS, INC., FUSION MEDICAL STAFFING LLC, TRIAGE, LLC, HEALTH CAROUSEL TRAVEL NETWORK, LLC, MEDICAL SOLUTIONS L.L.C., TRAVEL NURSE ACROSS AMERICA LLC, NOMAD NURSES INC., TITAN MEDICAL GROUP, LLC, TRUSTED HEALTH INC., AUREUS NURSING, LLC, ATLAS MEDSTAFF, LLC, READY TECH-GO, INC., STAFFNDA LLC, FLEXCARE, LLC, CROSSMED HEALTHCARE STAFFING SOLUTIONS, INC., PRN HEALTH SERVICES LLC, VENTURAL MEDSTAFF, LLC, SKYBRIDGE HEALTHCARE, LLC, MARVEL MEDICAL STAFFING, LLC, CELL STAFF, LLC, CONCENTRIC HEALTHCARE SOLUTIONS LLC, AEQUOR, SUPPLEMENTAL HEALTH CARE, UNITIMED LLC, HOST HEALTHCARE, LLC, MEDNINJAS LLC, GETMED

Chapter 11

Bankruptcy No. 23-00623

Adversary No. 25-09123

STAFFING, INC., STABILITY HEALTHCARE INC., AUREUS RADIOLOGY, LLC, ALLIED RESOURCES MEDICAL STAFFING CORPORATION, TOTALMED INC., CENTRA HEALTHCARE SOLUTIONS, INC., R VISIONS LLC, RELIANT CARE REHABILITATIVE SERVICES, L.L.C., TRUSTAFF TRAVEL NURSES, LLC, GENIE HEALTHCARE INC., VINANI INC., STAFFINGMEDICAL USA INC., VITAL NURSE STAFFING LLC, LIQUIDAGENTS HEALTHCARE, LLC, VITAL HEALTHCARE STAFFING, INC., MANAGEMENT HEALTH SYSTEMS, LLC, MEDICALPEOPLE STAFFING LLC, WELLSPRING NURSE SOURCE, LLC

Defendants

## OPINION AND ORDER ON MOTIONS TO DISMISS

The matters before the Court are Motions to Dismiss filed by Triage, LLC (Doc. 163), Medical Solutions L.L.C. (Doc. 164), Aureus Nursing, LLC (Doc. 165), Host Healthcare, LLC (Doc. 166), Trusted Health Inc. (Doc. 167), Supplemental Health Care (Doc. 168), Travel Nurse Across America LLC (Doc. 169), and TotalMed Inc. (Doc. 170) (collectively, "Movants"). The Court heard argument and took the matters under advisement. Abbe M. Stensland appeared for Dan R. Childers,

2

in his sole capacity as Liquidation Trustee ("Trustee"). Brian Koenig appeared for Movants. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## I.  STATEMENT OF THE CASE

Mercy Hospital *et al.* ("Debtor") filed a Chapter 11 Petition on August 7, 2023. The Amended Complaint alleges that before filing, Defendant Medifis, Inc. provided staffing services to Debtor and contracted with the other Defendants, including Movants, to place staff with the Debtor. Medifis paid the money it received from Debtor to the Defendants, minus a commission that Medifis retained. The Amended Complaint seeks to avoid and recover transfers Debtor made to Medifis and subsequent transfers Medifis made to the Defendants during the 90-day period between May 9, 2023, and the August 7, 2023 bankruptcy filing, as preferences under 11 U.S.C. §§ 547(b) and 550.

Movants seek dismissal of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. They argue that the Amended Complaint does not satisfy the pleading standard of Federal Rule of Civil Procedure 8 because Trustee fails to plead the factual basis of the claim, including the date and amount of the alleged subsequent transfers. Trustee argues that the Amended Complaint contains sufficient factual detail—including the date and amount of the initial transfers, as well as the identity of the subsequent transferees—to give Movants fair notice of the claims against them. For the

following reasons, the Court concludes that the Amended Complaint adequately states a claim for relief and the Motions to Dismiss should be denied.

## II.   DISCUSSION

### A. Motion to Dismiss - Standard

To satisfy Rule 8, the Amended Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), made applicable in this adversary proceeding by Fed. R. Bankr. P. 7008. The purpose of this pleading standard is to ensure the defendant is given "fair notice of what the … claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). A complaint will survive a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Id. "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). "Further, documents attached to or incorporated within a complaint are considered part of the pleadings, and courts may look at such documents 'for all purposes,'

4

including to determine whether a plaintiff has stated a plausible claim." <u>Brown v.</u>

<u>Medtronic, Inc.</u>, 628 F.3d 451, 459–60 (8th Cir. 2010) (internal citations omitted).

### B. <u>11 U.S.C. § 547 – Preferences</u>

Section 547(b) of the Bankruptcy Code allows a trustee to avoid certain pre-petition transfers as "preferences." To state a claim for an avoidable preference, a complaint must include plausible facts alleging each element of 11 U.S.C. § 547(b), which provides:

> Except as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). In addition to the statutory elements, a preference complaint must

identify each alleged preferential transfer by the date of the transfer, the name of the

debtor/transferor, the name of the transferee, and the amount of the transfer. Sarachek v. Schochet (In re Agriprocessors, Inc.), Bankr. No. 08-02751, Adv. No. 10-09190, 2012 Bankr. LEXIS 4287 at *16 (Bankr. N.D. Iowa Sept. 14, 2012) (citing Gellert v. The Lenick Co. (In re Crucible Materials, Corp.), Bankr. No. 09-11582, Adv. No. 10-55178, 2011 Bankr. LEXIS 2513, 2011 WL 2669113, at *2 (Bankr. D. Del. July 6, 2011)).

Importantly, this case involves two different types of transfers. First, the transfers from the Debtor to Medifis. According to the Trustee, Medifis provided the Debtor with pre-petition staffing services by contracting with Defendants. Debtor paid Medifis directly for these services. Those payments were the "initial transfers," Medifis being the "initial transferee." Once the initial transfers were made, Medifis allegedly paid the sums it received from Debtor to Defendants. Those payments were "subsequent transfers." The Movants here are among the "subsequent transferees." This distinction between initial and subsequent transfers/transferees is important here because only the initial transfer is subject to avoidance under section 547. See Spizz v. Goldfarb Seligman & Co. (In re Ampal-American Isr. Corp.), 562 B.R. 601, 613 (Bankr. S.D.N.Y. 2017) ("The initial transfer is the transfer the trustee must avoid"); Sec. Inv'r Prot. SIPA Liquidation Corp. v. Bernard L. Madoff Inv. Sec. LLC, 480 B.R. 501, 524 (Bankr. S.D.N.Y. 2012) ("[T]he focus of the avoidance and recovery sections is on the initial transfers that deplete the bankruptcy estate and not

on the recipient of the transfers or the subsequent transfers"); Bakst v. Sawran (In re Sawran), 359 B.R. 348, 353 n.2 (Bankr. S.D. Fla. 2007) ("[S]ection 547 applies only to the initial transferee of the preferential transfer"). Once a transfer is avoided under section 547, the trustee may recover the property transferred or the value of such property under section 550 from the initial transferee or any subsequent transferees. 11 U.S.C. § 550(a).

### C. 11 U.S.C. § 550

"To plead a subsequent transfer claim, the Trustee must plead that the initial transfer is avoidable [under section 547], and the defendant is a subsequent transferee of that initial transferee, that is, that the funds at issue originated with the debtor." Picard v. BNP Paribas S.A. (In re BLMIS), 594 B.R. 167, 195 (Bankr. S.D.N.Y. 2018). "However, the plaintiff's burden at the pleading stage does not require dollar-for-dollar accounting of the exact funds at issue." Id. See, e.g. Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs.), 379 B.R. 5, 30–31 (Bankr. E.D.N.Y. 2007) (finding a subsequent transfer claim adequately pled where the complaint stated, "at least tens of millions of dollars were fraudulently diverted from [debtor] to [initial transferees] . . . [and] a portion of these fraudulently diverted funds was transferred from the [initial transferees] to, or for the benefit of, the [subsequent transferees]"); Picard v. Estate of Chais (In re BLMIS), 445 B.R. 206, 235–36 (Bankr. S.D.N.Y. 2011) (finding a subsequent transfer claim adequately pled

7

where the complaint stated that "some or all of the [initial] transfers were subsequently transferred … to Defendant … in the form of payment of commissions or fees, transfers from one account to another, or other means.").

## D. Analysis

Here, Trustee has adequately alleged that the initial transfers from Debtor to Medifis are avoidable under section 547. Trustee has also adequately alleged that Medifis subsequently transferred the sums it received from Debtor to Movants to state a claim under section 550. As previously noted, Debtor did not make direct payments to Movants. Movants billed Medifis for services and Medifis, in turn, billed the Debtor for the services provided by all Defendants on a "bulk basis." Debtor paid a single invoice to Medifis and Medifis distributed the money to the Defendants.  Exhibit A to the Amended Complaint sets forth the payments made to Medifis during the preference period, including the relevant invoice numbers, dates, and amounts. In addition, Exhibit A shows the service providers (including Movants) included in each "bulk" invoice sent from Medifis to the Debtor, though the dates and exact amounts paid by Medifis to the Movants are not included.  Because Debtor never made payments directly to Movants, Trustee is an outsider to these transactions and will need discovery to uncover those details. At this point, only the Movants themselves have that information. As such, the Court finds that the

8

Amended Complaint has adequately stated a claim for relief and the Motions to

Dismiss should be denied.

CONCLUSION

For the foregoing reasons, the Motions to Dismiss are **DENIED.**

Ordered:   May 29, 2026

Thad J. Collins
Chief Bankruptcy Judge